## S17A0424. DE LA FUENTE v. KEMP.
### (793 SE2d 89)

BLACKWELL, Justice.

On July 12, 2016, Roque "Rocky" De La Fuente submitted a nomination petition to Secretary of State Brian Kemp, seeking to have his name placed upon the ballot for the 2016 general election as an independent candidate for President of the United States. See OCGA § 21-2-170 et seq. That same day, De La Fuente also filed notices of candidacy for his slate of presidential electors. See OCGA § 21-2-132. The Secretary of State rejected the notices of candidacy because they were submitted eleven days after the deadline set forth in OCGA § 21-2-132 (d) (1). The Secretary of State also rejected the nomination petition, finding that the counties had verified only 2,964 of the signatures submitted with the petition, a number far short of the 7,500 verified signatures needed to validate the petition pursuant to a recent order of a federal court in *Green Party of Ga. v. Kemp*, 171 FSupp3d 1340 (N.D. Ga. 2016).

In response to the rejection of his notices of candidacy and nomination petition, De La Fuente filed two lawsuits. As to the notices of candidacy, he filed a complaint in federal district court for mandamus, injunctive, and declaratory relief, contending that the statutory deadline for independent candidates to file notices of candidacy is unconstitutional. The federal district court denied his emergency motion for mandamus and injunctive relief, and his appeal from that denial is now pending in the United States Court of Appeals for the Eleventh Circuit. As to his nomination petition, De La Fuente filed a

petition in the Superior Court of Fulton County for mandamus, injunctive, and declaratory relief, seeking to compel the Secretary of State to place his name upon the ballot, and asserting that the Secretary has a duty to independently verify the signatures submitted in connection with his nomination petition. The Secretary moved to dismiss the lawsuit in superior court, arguing that he had no duty as a matter of law to examine a nomination petition in the absence of a notice of candidacy filed within the time required by OCGA § 21-2-132 (d) (1). The superior court granted the motion to dismiss, and De La Fuente appeals.[1] After reviewing the record and the briefs, we find no error, and we affirm.

Under the Georgia Election Code, before an independent candidate can appear on the ballot, he must file not only a nomination petition, but also a timely notice of candidacy. See OCGA § 21-2-132 (d) ("All . . . independent candidates shall file their notice of candidacy . . . by the date prescribed in this subsection in order to be eligible to have their names placed on the election ballot by the Secretary of State or election superintendent, as the case may be. . . ."). See also OCGA § 21-2-132 (e) ("Each candidate required to file a notice of candidacy by this Code section shall . . . file with the same official with whom he or she filed his or her notice of candidacy a nomination petition . . . ."); OCGA § 21-2-285 (c) ("the names of all candidates who have been nominated in accordance with the requirements of this chapter shall be printed on the ballot . . .").

> Each candidate for federal or state office, or his or her agent, desiring to have his or her name placed on the election ballot shall file a notice of his or her candidacy . . . in the office of the Secretary of State either during the period beginning at 9:00 A.M. on the Monday of the thirty-fifth week immediately prior to the election and ending at 12:00 Noon on the Friday immediately following such Monday, notwithstanding the fact that any such days may be legal holidays, or during the period beginning at 9:00 A.M. on the fourth Monday in June immediately prior to the election and ending at 12:00 Noon on the Friday following the fourth Monday in June, notwithstanding the fact that any such days may be legal holidays, in the case of a general election. . . .

---

[1] De La Fuente filed a timely notice of appeal, and the case was docketed in this Court on Monday, October 17, 2016. Pursuant to an order of this Court, both parties filed their appellate briefs on Monday, October 24. See OCGA § 21-2-171 (c).

OCGA § 21-2-132 (d) (1). De La Fuente does not dispute that the last day to file notices of candidacy under the statute for the 2016 general election was July 1, 2016, and he likewise does not dispute that he did not file any notice of candidacy until July 12. And in this case, De La Fuente does not assert that the statutory provision setting the time in which a notice of candidacy must be filed is unconstitutional. Instead, he refers to the ongoing federal litigation in which he challenges the constitutionality of OCGA § 21-2-132 (d) (1). That litigation, however, has been unsuccessful thus far, and the federal district court found that De La Fuente is unlikely to succeed on the merits. In the unlikely event that he succeeds on the merits in his federal case (and that he does so before his case is made moot), the question of a remedy will be for the federal courts to decide.

As De La Fuente's petition in this case shows, he seeks a writ of mandamus, declaratory judgment, and injunctive relief, all for the purpose of being "listed on the election ballot in November." But he is not entitled to have his name placed on the ballot — at least as things stand at this point, De La Fuente having failed thus far to convince the federal courts of the merit of his claim that OCGA § 21-2-132 (d) (1) is unconstitutional — because he failed to timely file the required notices of candidacy for his slate of presidential electors. Even if the Secretary were to examine his nomination petition and conclude that it is a proper nomination petition, De La Fuente still would not be entitled to have his name placed upon the ballot. He cannot obtain the ultimate relief that he seeks, and so, the superior court was right to dismiss his lawsuit.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2016.

*Bryan L. Sells; Gerald R. Weber, Jr.; Nora M. Benavidez*, for appellant.

*Samuel S. Olens, Attorney General, Cristina M. Correia, Josiah B. Heidt, Assistant Attorneys General*, for appellee.